UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DE'WANN WHITE,<br><br>  Plaintiff,<br><br>vs.<br><br>STU SHERMAN, Warden, *et al.*,<br><br>  Defendants. | Case No. 1:14-cv-01971-RRB<br><br>**<u>DISMISSAL ORDER</u>** |

De'Wann White, a California state prisoner appearing *pro se* and *in forma pauperis*, filed this Complaint under 42 U.S.C. § 1983 against various officials of the California Department of Corrections and Rehabilitation ("CDCR").[1] White's Complaint arises out of his incarceration at the California Substance Abuse Treatment Facility, Corcoran, California ("CSATF"). White is currently incarcerated at the Los Angeles County State Prison, Lancaster, California.

I.   **SCREENING REQUIREMENT**

This Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[2] This Court must

---

  [1] In addition to Warden Sherman, White names as Defendants: Associate Warden V. Ramirez; Associate Warden J. Collins; Correctional Sergeant C. G. Beltran; Correctional Officer J. Davis; and Senior Librarian V. Hampson.

  [2] 28 U.S.C. § 1915A(a).

dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief."[3] Likewise, a prisoner must exhaust all administrative remedies as may be available,[4] irrespective of whether those administrative remedies provide for monetary relief.[5]

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[6] "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[7] Failure to state a claim under § 1915A incorporates the familiar standard applied in Federal Rule of Civil Procedure 12(b)(6), including the rule that complaints filed by *pro se* prisoners are to be liberally construed, affording the prisoner the benefit of any doubt, and dismissal

---

[3] 28 U.S.C. § 1915(e)(2)(B); 42 U.S.C. § 1997e(c); *see Lopez v. Smith*, 203 F.3d 1122, 1126 & n.7 (9th Cir. 2000) (en banc).

[4] 42 U.S.C. § 1997e(a); *see Woodford v. Ngo*, 548 U.S. 81, 93–95 (2006) ("proper exhaustion" under § 1997e(a) is mandatory and requires proper adherence to administrative procedural rules); *Booth v. Churner*, 532 U.S. 731, 741 (2001) (exhaustion of administrative remedies must be completed before filing suit).

[5] *See Booth*, 532 U.S. at 734.

[6] Fed. R. Civ. P. 8(a)(2).

[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007)).

should be granted only where it appears beyond doubt that the plaintiff can plead no facts in support of his claim that would entitle him or her to relief.[8]

This requires the presentation of factual allegations sufficient to state a plausible claim for relief.[9] "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'"[10] Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true.[11] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[12]

In addition to its powers in screening complaints under 28 U.S.C. § 1915A(a), a trial court may dismiss a complaint for failure to state a claim *sua sponte* where it is obvious that the plaintiff cannot state a claim for relief.[13]

---

[8] *Wilhelm v. Rotham*, 680 F.3d 1113, 1121 (9th Cir. 2012).

[9] *Iqbal*, 556 U.S. at 678–69; *see Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting and applying *Iqbal* and *Twombly*).

[10] *Iqbal* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

[11] *Id.*

[12] *Id.* (quoting *Twombly*, 550 U.S. at 555).

[13] *See Sparling v. Hoffman Const. Co.*, 864 F.2d 635, 638 (9th Cir. 1988); *see generally* 5B Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Richard L. Marcus, Adam N. Steinman Federal Prac. & Proc. Civ. § 1357 (3d ed.).

## II.  GRAVAMEN OF COMPLAINT

White's Complaint consists of 35 pages, including 17 pages of legal argument, to which is attached 282 pages of exhibits.  In the ten-page "Statement of Claim," White alleges in chronological order that he was:

September 11 – 19, 2013 – denied the use of a telephone and outdoor exercise;

September 30 through October 10, 2013 – confined to his cell between, without proper justification;

October 21 – 27, 2013 – confined to his cell and denied the opportunity to shower;

November 8 – 17, 2013 – denied the opportunity to shower;

November 25 through December 16, 2013 – denied outdoor exercise;

December 21, 2013, through February 8, 2014 – incarcerated in a cell without hot water;

February 10, 2014 – denied outdoor exercise and use of the day room;

February 17 – 20, 2014 – confined to his cell and denied a shower for the 96-hour period;

February 25 – 26, 2014 – denied a shower for the 48-hour period;

March 14, 2014 – denied participation in a pizza program;

April 15, 2014 – informed prison officials of a ventilation problem and bugs in Plaintiff's cell;

May 23, 2014 – denied library privileges;

June 14, 2014 – denied day room, phone, and shower privileges;

June 23, 2014 –  denied a shower, use of the day room, and use of the telephone;

June 24, 2014 – denied a shower, use of the day room, and use of the telephone;

July 3, 2014 – denied library privileges in retaliation for filing a CDC 602 Grievance;

July 3 – July 7, 2014 – Improperly denied outdoor exercise.

August 28, 2014 – suffered nausea, vomiting, intense migraines, and body aches as a result of noxious fumes blowing into his cell from the air vent;

September 9, 2014 – denied day room privileges and church;

September 17, 2014 – denied showers;

September 17 through October 8, 2014 – confined to his cell for 24 hours/day;

September 30, 2014 – suffered coughing and choking as a result of noxious fumes in his cell; and

October 5, 2014 – damage to White's personal property.

On October 8, 2014, White was transferred to the Los Angeles County State Prison. The Complaint, dated December 8, 2014, was received by the Court on December 11, 2014.

In his 17-page "Arguments" appears to raise several issues unrelated to the matters identified in White's preceding "Statement of Claim." For example: (1) vague allegations concerning being labeled a snitch as result of which he was treated like a pariah; (2) improper disclosure of a CDC 602 (grievance); (3) unspecified retaliation for filing a grievance; (4) staff misconduct; (5) excessive delay providing the exchange of blankets; (6) failure to provide adequate cleaning supplies; (7) denial of access to the courts; and (8) opening inmate's legal mail.

White seeks a declaration by this Court that the acts of Defendants violated his rights under the Constitution and Federal law; compensatory damages in the amount of $100,000;

punitive damages in the amount of $120,000; attorney's fees and costs; and such other and further relief deemed necessary.

## III.  DISCUSSION

*Exhaustion*.  Prior to seeking judicial relief under the Prisoner Litigation Reform Act ("PLRA"), a prisoner must exhaust all administrative remedies as may be available,[14] irrespective of whether those administrative remedies provide for monetary relief.[15] The Supreme Court has stated: "Although not jurisdictional, exhaustion is nonetheless mandatory, and there is no discretion to excuse it."[16] "Proper exhaustion" means "complet[ing] the administrative review process in accordance with the applicable rules,"[17] including "compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings."[18]  "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."[19] "A

---

[14] 42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 741 (2001) (exhaustion of administrative remedies must be completed before filing suit).

[15] *See Booth*, 532 U.S. at 734.

[16] *Porter v. Nussle*, 534 U.S. 516, 524 (2002).

[17] *Jones v. Bock,* 549 U.S. 199, 218 (2007).

[18] *Woodford v. Ngo*, 548 U.S. 81, 91 (2006).

[19] *Jones*, 549 U.S. at 218.

complaint is subject to dismissal for failure to state a claim if the allegations of the Complaint, taken as true, show the plaintiff is not entitled to relief."[20]

California provides for three levels of review of prisoner grievances.[21] The voluminous exhibits attached to the Complaint reveal that, except for the denial of showers for the period February 14 through February 18, 2014,[22] White did not properly exhaust his administrative remedies through the third level. In the Complaint, White contends that he should be excused from the administrative remedies requirements of the PLRA because he was prevented from doing so through no fault of his own.[23] Other than his bare conclusory allegation, the only specific allegation in the body of the Complaint supporting his contention refers to a single grievance in which he contends in a conclusory manner that he was denied adequate time and access to the law library.

---

[20]  *See Id.* at 215 (noting that if the allegations show that relief is barred by the applicable statute of limitations, an affirmative defense, the complaint is subject to dismissal).

[21]  Cal. Code Regs. tit. 15, § 3084.1(b) ("Unless otherwise stated in these regulations, all appeals are subject to a third level of review, as described in section 3084.7, before administrative remedies are deemed exhausted. All lower level reviews are subject to modification at the third level of review."). Section 3084.7 provides for three levels of review, the third level conducted by the Secretary of the California Department of Corrections and Rehabilitation, or by a designated representative.

[22]  Docket 1, pp. 116–17.

[23]  In connection with that allegation White refers to Exhibit 6 [Docket 1-1, pp. 181–87]. Exhibit 6, consisting of copies of CDCR 22 Inmate/Parolee Request for Interview, Item or Service, refers to two appeals initiated on May 21, 2014, that were returned to him, resubmitted, and again returned. Contrary to White's contentions, the Exhibit itself shows that the appeals he contends were returned unprocessed are indicated as being under review at the first level [Docket 1-1, p. 186].

*Denial of Showers/Hot Water.* It is settled in this Circuit that prisoners must be provided with either hot water or periodic showers.[24] The fatal flaw in White's Complaint is that during the time frame he alleges he was denied hot water in his cell (December 21, 2013, through February 8, 2014) he does not allege he was denied access to a shower. On the other hand, on the days that he alleges he was denied a shower White does not allege he did not have hot water in his cell. As presently drafted the Complaint does not plead a viable cause of action under the Eighth Amendment with respect to the claimed denial of showers and hot water. Consequently, those claims must be dismissed. The Court further notes that it is highly unlikely that White can truthfully plead a plausible Eighth Amendment claim.

*Access to Law Library.* White alleges that he was denied access to the law library on two dates: May 23 and July 3, 2014. What is conspicuously lacking is any allegation that White suffered any injury as a result of the claimed denial of access on those two dates, i.e., suffered some adverse action or that he was precluded from exercising some constitutionally protected right. That claim too must be dismissed.

*Access to the Courts.* White makes a somewhat vague and conclusory allegation that he was in some manner denied access to the courts. The Court starts with the proposition that the right of access to the courts is a well established fundamental constitutional right.[25] It is, however, also well established that there must be some injury and that requirement is not

---

[24] *Toussaint v. McCarthy*, 801 F.2d 1080, 1108 n.29 (9th Cir. 1986) (*overruled in part on other grounds, Sandin v. Connor*, 515 U.S. 472 (1995)).

[25] *Bounds v. Smith*, 430 U.S. 817, 821, 828 (1977).

satisfied by just any type of frustrated legal claim.[26] Access to the courts in the Constitutional context is the opportunity to prepare, serve, and file such pleadings and documents necessary or appropriate to commence or prosecute court proceedings affecting one's personal liberty.[27] Access to court claims are of two types—a forward-looking claim, *i.e.*, one in which the action seeks to remove impediments or road blocks to future litigation, and a backward-looking claim, *i.e.*, one in which specific litigation ended poorly, or could not have commenced, or could have produced a result subsequently unobtainable.[28] As presently constituted, White's access to the courts claim falls far short of pleading a viable cause of action and must be dismissed. The Court also notes that it is highly unlikely that White can truthfully plead a viable claim of denial of access to the courts.

*Denial of Day Room/Telephone.* While the denial of day room and telephone access may raise to the level of a constitutional violation,[29] the sporadic incidents alleged by White simply do not rise to that level. Moreover, White has not alleged any specific injury as a result of the alleged incidents. Accordingly, those claims will also be dismissed.

---

[26] *Lewis v. Casey*, 518 U.S. 343, 354 (1996).

[27] *Id*. at 384 (Thomas, J. concurring); *Philips v. Hust*, 477 F.3d 1070, 1075–76 (9th Cir. 2007); *Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1159–60 (9th Cir. 2003).

[28] *See Christopher v. Harbury*, 536 U.S. 403, 413–14 (2002).

[29] *See, e.g., Pierce v. County of Orange*, 526 F.3d 1190, 1123–24 (9th Cir. 2008) (day room); *Carlo v. City of Chino*, 105 F.3d 493, 499–500 (9th Cir. 1997) (denial of access to a telephone).

*Opening of Legal Mail*. On two separate occasions White's legal mail was opened by mail room staff.[30] It is clearly established that the Sixth Amendment right to counsel precludes prison officials from opening and reading both incoming and outgoing mail between an inmate and counsel.[31] In this case there is no allegation that prison officials *read* White's legal mail. More importantly, however, is the nature of the relief that this Court may grant. White has not alleged any actual injury from what appears to be an inadvertent opening of his incoming legal mail. To be entitled to injunctive relief, White "must demonstrate that he is realistically threatened by a *repetition* of [the violation]."[32]

> A threat of repetition can be shown at least two ways. First, a plaintiff may show that the defendant had, at the time of the injury, a written policy, and that the injury stems from that policy. Second, the plaintiff may demonstrate that the harm is part of a pattern of officially sanctioned . . . behavior, violative of the plaintiffs' [federal] rights.[33]

As presently drafted, White's Complaint does not allege facts entitling him to injunctive relief. Accordingly, White's claim based upon the opening of his legal mail must be dismissed.

*Inadequate Ventilation*. White alleges that the cell in which he was confined lacked adequate heat and ventilation.[34] Specifically, in his Complaint White refers to four dates:

---

[30] Exhibit 8 establishes that at least on one occasion White's incoming legal mail was opened. [Docket 1-1, p. 87]

[31] *Wolff v. McDonnell*, 418 U.S. 539, 577 (1974); *Nordstrom v. Ryan*, 762 F.3d 903, 909–11 (9th Cir. 2014).

[32] *Nordstrom*, 762 F.3d at 911 (alterations and emphasis in the original) (citations and internal quotation marks omitted).

[33] *Id.* (emphasis in the original) (citations and internal quotation marks omitted).

[34] White has attached to his Complaint over 50 pages of his medical records [Exhibit 10, Docket 1-1, pp. 112-166]. The Court notes that White includes numerous documents (continued...)

April 15, 2014, April 18, 2014, August 28, 2014, and September 30, 2014. With respect to April 15 and 18, White does not allege that he suffered any injury. The record attached to the Complaint indicates that White was treated for vomiting, migraines, nausea, and body aches allegedly as a result of fumes emanating from the ventilation system on August 29 and September 15, 2014.[35] On September 30, 2014, White again suffered choking and coughing as a result of the noxious fumes, for which he sought medical attention.[36]

It is evident from the face of the Complaint and the attachments that, with respect to the August 28 and September 30 injuries, assuming without deciding he is otherwise entitled to relief, White has not exhausted his administrative remedies.[37] Accordingly, that claim must also be dismissed.

*Other Matters*: The Court has reviewed the other matters raised by White in his Complaint and finds that, as presently pleaded, they do not plead facts sufficient to warrant the granting the relief requested, or any relief at all.

---

[34](...continued) unrelated to the claims asserted in the Complaint, e.g., dental records, treatment for back pain, a knee injury, and pelvic pain. Attaching documents unrelated to the complaint, which requires searching through the documents for relevant material, places an additional unwarranted burden on the defendants and the Court to determine which, if any, of those documents support the claims made.

[35] Health Care Services Request Forms dated: August 29, 2014 [Docket 1-1, pp. 153–55]; and September 15, 2014 [Docket 1-1, p. 152].

[36] Health Care Services Request Form dated September 30, 2014 [Docket 1-1, pp. 143, 163].

[37] The Court notes that, given the time that lapsed between August 28 and the date of his Complaint, December 8, 2014, it is highly unlikely that White could have exhausted his administrative remedies.

## IV.    ORDER

The Complaint on file herein is hereby **DISMISSED** without prejudice. While it may be unlikely that White can truthfully plead entitlement to relief in this Court, dismissal without leave to amend at this point is unwarranted.[38] Accordingly, Plaintiff is granted through and including **June 12, 2015**, within which to file an amended complaint consistent with this Dismissal Order.

In amending his complaint, White:

1. *Must* state each cause of action separately including: the date; a *brief* statement of the facts underlying the claim (who, what, and when); the injury suffered or damage incurred as a result of the wrongful act(s); and identifying the state official(s) responsible.

2. *Should*, as to each claim, have attached thereto as exhibits all documents showing proper exhaustion of his administrative remedies, or a statement of facts showing that he should be excused from the requirement that he exhaust his administrative remedies.

3. *Should not* include any facts or attachments that are not relevant to his claims.

4. *May not* include legal argument or citation to authority.

---

[38] *See Hartman v. California Dept. of Corr. and Rehab.*, 707 F.3d 1141, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile."); *Lopez v. Smith*, 203 F.3d 1122, 1130–31 (9th Cir. 2000) (en banc) (explaining that leave to amend should be given unless amendment would be futile).

*Plaintiff is further warned that failure to comply with this Order may result in his amended complaint being stricken and the matter dismissed without further notice to him*.

**IT IS SO ORDERED** this 1st day of May, 2015.

S/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE