UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DE'WANN WHITE,<br><br>         Plaintiff,<br><br>vs.<br><br>STU SHERMAN, Warden, *et al.*,<br><br>         Defendants. | Case No. 1:14-cv-01971-RRB<br><br>**ORDER DISMISSING**<br>**FIRST AMENDED COMPLAINT** |

At **Docket 10** Plaintiff De'Wann White has filed Plaintiff's First Amended Complaint (hereinafter "FAC") in response to the Court's Dismissal Order.[1] The Court reviews the Amended Complaint applying the same standards it applied to the original.

I.   **DISCUSSION**

White has divided his FAC into six separate Causes of Action. The Court will discuss each *in seriatim*.

In its Dismissal Order the Court specifically instructed White that with respect to each claim he must specify who, what, when. The Court notes that throughout his FAC, although he specifies the date and to some extent the what, White refers to "Defendant" or "Defendants" without specifying which Defendant or Defendants to which reference is made. Therefore, in reviewing the FAC the Court will assume that the factual allegations

---

[1] Docket 9.

ORDER DISMISSING FIRST AMENDED COMPLAINT
*White v. Sherman*, 1:14-cv-01971-RRB – 1

in each cause of action are directed solely at the Defendant(s) specifically identified in connection with that allegation, or specifically identified by name in the cause of action.

The Court also notes that in several instances to the extent he names individual defendants he does so in their supervisory capacity. To impose liability on a supervisor, the supervisor's wrongful conduct must be sufficiently causally connected to the constitutional violation.[2] That is, the official must "implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation."[3]

> A person deprives another "of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that *causes* the deprivation of which [the plaintiff complains]." *Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir.1978) (*Johnson*) (emphasis added). The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. [Citations omitted.][4]

The acts of those Defendants sued in their supervisory capacity will be measured against that standard.

For the most part White's action purports to raise Eighth Amendment "cruel and unusual" claims. It is clearly established that prison officials have a duty under the Eighth Amendment to provide inmates with the necessities of life, including adequate shelter,

---

[2] *See Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (*abrogated in part on other grounds by Farmer v. Brennan*, 511 U.S. 825 (1994)).

[3] *Id.* (internal quotation marks and citations omitted).

[4] *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (quoted with approval in *Tennison v. City and County of San Francisco*., 570 F.3d 1078, 1096 (9th Cir. 2009)).

food, clothing, sanitation, medical care, and personal safety.[5] On the other hand, "[t]he

Eighth Amendment is not a basis for broad prison reform. It requires neither that prisons

be comfortable nor that they provide every amenity that one might find desirable."[6] Prison

condition claims have both an objective and subjective element. The objective element is

based on the severity of the deprivation and the subjective on the prison official's

knowledge of the risk of serious injury or pain being inflicted by consciously ignoring the

prisoner's needs.[7] The circumstances, nature, and duration of a deprivation of a necessity

must be considered in determining whether a constitutional violation has occurred.[8]

However, to rise to the dimension of a Constitutional violation, the "need" must be related

to a serious condition, *i.e.*, one that adversely affects the person's daily activities or causes

chronic and serious pain.[9] The Court will measure White's claims against this standard.

---

[5]  *See Farmer v. Brennan,* 511 U.S. 825, 832 (1994); *Keenan v. Hall,* 83 F.3d 1083, 1089 (9th Cir. 1996); *Hoptowit v. Ray,* 682 F.2d 1237, 1246 (9th Cir. 1982) (*abrogated on other grounds by Sandlin v. Connor*, 515 U.S. 472 (1995); *Wright v. Rushen*, 642 F.2d 1129, 1132–1133 (9th Cir. 1981).

[6]  *Hoptowit*, 682 F.2d at 1246 (*abrogated on other grounds by Connor*, 515 U.S. 472 (court may consider the length of time that a prisoner must go without benefits)); *see Rhodes v. Chapman*, 452 U.S. 337, 349 (1981).

[7]  *See, e.g., Collins v. State*, 2006 WL 1587467, Slip Op. *2 (W.D. Va. June 6, 2006); *Lavender v. Lampert*, 242 F.Supp.2d 821, 845–846 (D. Or. 2002); *ASHANN-RA v. Commonwealth of Virginia*, 112 F.Supp.2d 559, 562–63 (W.D. Va. 2000).

[8]  *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000), citing *Hoptowit,* 682 F.2d at 1259 ("[t]he more basic the need, the shorter the time it may be withheld").

[9]  *See  Lopez v. Smith*, 203 F.3d 1122, 1131–32 (9th Cir. 2000) (*en banc*).

***First Cause of Action***

In his First Cause of Action, an Eighth Amendment claim, White contends that prison officials disregarded dirty and/or unsanitary blankets, and failed to enforce a proper exchange policy. White specifically identifies three individuals: H. Vaca (in charge of the laundry); Sgt. B. Castelle, and Stu Sherman (Warden). In all other respects White simply refers to unnamed Defendants.

For the most part White's allegations concern his attempts to exhaust his administrative remedies during the period February 11 through September 23, 2014. As relevant to his Eighth Amendment claim, White challenges the once or twice a year blanket exchange policy at the California Substance Abuse Treatment Facility, Corcoran, ("CSATF").[10] In the interim between exchanges inmates are required to wash their own blankets. As a result, White alleges that he suffered from a skin ailment, fungal sepsis.

In this respect, the Court notes that the California prison regulations provide that inmates are provided two blankets.[11] The regulations also provide for a weekly exchange of sheets and pillow cases, but are silent on the question of blanket exchanges.[12] Thus, for the purposes of this Order the Court assumes without deciding that the blanket exchange policy at issue in this case was made at the institutional level. Accordingly, the proper Defendant with respect to White's First Cause of Action is the warden, Stu Sherman.

---

[10] Docket 10, p. 31.

[11] Cal. Code Regs., tit. 15, § 3030(b)(1)(E).

[12] Cal. Code Regs., tit. 15, § 3031(b).

The fatal flaws with respect to his First Cause of Action as presently pleaded are twofold. First, the injury White contends he suffered as result of the failure to exchange blankets on a more frequent basis is based upon his own diagnosis of the both the ailment (fungal sepsis) and the cause, not that of a licensed medical practitioner.[13] In the absence of any competent medical evidence that White suffered some debilitating injury or ailment as result of the failure to more frequently exchange his blankets, White has failed to plead a viable claim.

Second, although White apparently attempted to exhaust his administrative remedies with respect to the blanket exchange policy, he simply contended it was unsanitary without further elucidation. At no point does it appear that he contended that he suffered any identifiable adverse medical condition as a result of the failure to more frequently exchange blankets. It being obvious that White is unable to plead a viable Eighth Amendment claim for the failure to more frequently exchange blankets, the First Cause of Action will be dismissed without leave to amend.[14]

---

[13] The medical records attached to the FAC covering the period December 2013 through June 2014 reveal numerous treatments for musculoskeletal complaints, as well as headaches, there is no mention of any skin ailment. The Court also notes that White attached copies of his medical and dental records for 2014 to his original Complaint. The Court's review of those records, while they also reveal treatments for musculoskeletal complaints, as well as headaches, there is no mention of any skin ailment.

[14] *See Hartman v. California Dept. of Corr. and Rehab.*, 707 F.3d 1141, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile."); *Lopez v. Smith*, 203 F.3d 1122, 1130–31 (9th Cir. 2000) (en banc) (explaining that leave to amend should be given unless amendment would be futile; *Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) ("[W]hen a district court has already granted a plaintiff leave to amend, its discretion in deciding subsequent motions to amend is particularly broad.") (citation and internal quotation marks omitted).

***Second Cause of Action***

In the Second Cause of Action White alleges that on several occasions the cell in which he was confined lacked adequate heat and ventilation. As a result of this lack of adequate ventilation White allegedly suffered various aliments, including giddiness, difficulty breathing, ear pain, nausea, sinus infections, anxiety, fatigue, insomnia, and chronic migraines.

With respect to the lack of heat, White's allegations fall short of pleading a viable action under the Eighth Amendment. The Eighth Amendment only requires adequate heat, not a comfortable temperature.[15] White has not alleged that the lack of heat posed a substantial risk of serious harm, only that it was uncomfortable.[16]

As presently constituted, accepted as true, White's Second Cause of Action as stated in the body of his FAC pleads the necessary elements of an Eighth Amendment violation with respect to the inadequacy of the ventilation. On the other hand, by its vague reference to "defendants" it does not sufficiently identify the persons responsible for those conditions. White refers to Lt. D. Stohl, but does not allege any act upon the part of Lt. Stohl that infringed upon a constitutionally protected right. White also specifically identifies Warden Sherman by name, but names the Warden solely in his supervisory capacity.

---

[15] *See Graves v. Arpaio*, 623 F.3d 1043, 1048–49 (9th Cir. 2010) (per curium).

[16] *Id.* at 1049.

ORDER DISMISSING FIRST AMENDED COMPLAINT
*White v. Sherman*, 1:14-cv-01971-RRB – 6

More importantly, however, the Exhibits evidencing his medical treatment attached to the FAC not only do not support, but eviscerate, any causal connection between White's alleged injuries and the conditions described. The medical records show that White was treated for migraines on five dates:  September 17 and December 3, 2013, and March 14, May 19, and July 16, 2014,[17] on the other dates White was treated for an unrelated musculoskeletal complaint. The July 16 entry indicates that with respect to his migraines and allergies White was "at goal." The medical records attached to both the Complaint and the FAC also establish that the migraines and allergies predated the environmental conditions of which he complains.

Consequently, although it is highly unlikely that White can truthfully plead a viable claim arising out of the allegedly inadequate ventilation, the Second Cause of Action will be dismissed with leave to amend.[18] In amending White must identify the responsible person(s) by name, not simply by the generic defendant(s). White must also plead more than a conclusory allegation that he suffered a serious adverse medical condition, but allege the existence of some competent medical evidence supporting that claim.

### Third Cause of Action

White's Third Cause of Action, also an Eighth Amendment claim, alleges that on numerous dates he was denied a shower and forced to bathe in a sink without hot water, deprived of outdoor exercise, and access to a telephone to contact his attorney and family.

---

[17] Docket 10, pp. 269–75.

[18] In further amending with respect to this claim White should include the relevant factual allegations regarding the issue that are included in his Third Cause of Action.

ORDER DISMISSING FIRST AMENDED COMPLAINT
*White v. Sherman*, 1:14-cv-01971-RRB – 7

White also appears to challenge his classification as a "Crip."[19] White further elaborates on the  issue raised in his Second Cause of Action, i.e., the lack of adequate ventilation.[20] White's allegations cover the 13-month period September 11, 2013, through October 8, 2014. The periods of deprivation were sporadic and ranged in time from a single day to two weeks. The two-week period involved a lockdown related to a race-related stabbing incident in which it appears White was not involved. It also appears that on two other occasions the alleged deprivations occurred during lockdowns related to violence between inmates. White alleges that these lockdowns were not required for penological purposes: conclusory statements unsupported by facts. Furthermore, the Court must accord "wide-ranging deference to the judgment of prison officials in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and maintain institutional security."[21] White has not alleged any factual basis upon which the Court could substitute its judgment for that of the prison officials. Accordingly, the lockdowns do not support granting White any relief in any form.

---

[19] One of the documents attached to the FAC indicate that White's gang affiliation was removed.   Docket 10, p. 78.   Consequently, the relevance of White's allegation concerning his gang affiliation to the matters at issue in this action is unexplained and inexplicable.

[20] The Court considered those allegations in reviewing the Second Cause of Action, and does not reconsider them in connection with the Third Cause of Action..

[21] *Bell v. Wolfish*, 441 U.S. 520, 547 (1979).

Whether taken individually or collectively, while no doubt establishing that his conditions of confinement were less than comfortable,[22] White's remaining allegations do not rise to the level necessary to establish an Eighth Amendment cruel and unusual punishment violation.  In several instances White refers to a single occurrence, e.g., denial of telephone contact with his family or lawyer, attendance at religious services, lack of electrical power, but does allege any specific compensable harm or injury that may have occurred as a result of that denial. The Court further notes that in several instances the factual allegations asserted in the body of the FAC are contradicted by the very documents attached to and referred to in FAC.[23] It does not appear that White can truthfully plead facts sufficient to warrant the granting of relief. Therefore the Third Cause of Action must be dismissed without leave to amend.

### Fourth Cause of Action

The Fourth Cause of Action alleges a denial of access to the law library in violation of the Eighth Amendment. Although not within the ambit of the Eighth Amendment, the Court starts with the proposition that the right of access to the courts is a well established fundamental constitutional right.[24] It is, however, also well established that there must be

---

[22] *See Hoptowit*, 682 F.2d at 1246 (noting that the Eighth Amendment does not requires that prisons be comfortable).

[23] For example days upon which he claims he was denied a shower where the attachments indicate showers were available.  White does not explain this discrepancy.

[24] *Bounds v. Smith*, 430 U.S. 817, 821, 828 (1977).

some injury and that requirement is not satisfied by just any type of frustrated legal claim.[25]

Access to the courts in the Constitutional context is the opportunity to prepare, serve, and

file such pleadings and documents necessary or appropriate to commence or prosecute

court proceedings affecting one's personal liberty.[26] Access to court claims are of two

types—a forward-looking claim, *i.e.*, one in which the action seeks to remove impediments

or road blocks to future litigation, and a backward-looking claim, *i.e.*, one in which specific

litigation ended poorly, or could not have commenced, or could have produced a result

subsequently unobtainable.[27]

The Court noted in dismissing the Complaint that White alleged that he was denied

access to the law library on two dates: May 23 and July 3, 2014. Conspicuously lacking

was any allegation that White suffered any injury as a result of the claimed denial of access

on those two dates, i.e., suffered some adverse action or that he was precluded from

exercising some constitutionally protected right. In the body of his FAC White does not

specifically refers to any specific date on which he was denied access to the law library.

Instead, White attaches and refers to internal grievances.[28]

---

[25] *Lewis v. Casey*, 518 U.S. 343, 351–54 (1996) (actual injury requirement in access-to-courts claim requires showing frustration of the pursuit of a nonfrivolous claim).

[26] *Id*. at 384 (Thomas, J. concurring); *Philips v. Hust*, 477 F.3d 1070, 1075–76 (9th Cir. 2007); *Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1159–60 (9th Cir. 2003).

[27] *See Christopher v. Harbury*, 536 U.S. 403, 413–14 (2002).

[28] FAC, Exh. 5, Docket 10, pp. 193–213.

Initially the Court notes that White alleges in purely conclusory terms that as a result of this denial of access he was unable to aggrieve legal matters thereby precluding him from completing a meritorious suit. White does not, however, identify the factual basis underlying the "meritorious suit." Conclusory allegations standing alone are insufficient to support a claim.[29]

More importantly, White's internal grievances are based upon an alleged denial of the minimum of two hours of law library time weekly required by California regulations.[30] The internal grievances attached to the FAC indicate that between November 19, 2013 and April 11, 2014, White was ducated for two-hour library sessions on nine occasions, and attended on seven of those dates. On one of the dates White was ducated for a library session the prison was on partial lock-down. On two of the dates the library was closed, but White was allowed to make up one of the missed dates.[31]

The allegations of the FAC fall far short of pleading a viable claim that the acts of Defendants, either individually or collectively, denied White access to the courts. Indeed, on the facts as presented, White's claim is frivolous. Therefore, the  Fourth Cause of Action will also be dismissed without leave to amend.

---

[29] *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555–57 (2007)

[30] Cal. Code Regs., tit. 15, § 3134(b).  White also inexplicably refers to an alleged denial of legal supplies. The attachments to the Complaint clearly establish that his grievance regarding this issue was granted and legal supplies were supplied. White does not identify any injury he suffered as a result of the delay.

[31] Notably, White does not dispute those facts.

ORDER DISMISSING FIRST AMENDED COMPLAINT
*White v. Sherman*, 1:14-cv-01971-RRB – 11

**Fifth Cause of Action**

In his Fifth Cause of Action White renews his claim that prison officials improperly opened his legal mail. In an attempt to circumvent the defect noted in the Court's Dismissal Order, i.e., that it was read, White now alleges that his legal correspondence was "opened and read to plaintiff's knowledge" by unidentified defendants. White also alleges that he was injured by the breach of his clearly established right to confidentiality and delay in receiving his legal mail. White further alleges that Warden Sherman, the only identified defendant, failed to properly train and supervise his subordinates.

As the Court noted in its Dismissal Order White has not alleged any actual injury from the opening of his incoming legal mail. To be entitled to injunctive relief, White "must demonstrate that he is realistically threatened by a *repetition* of [the violation]."[32]

> A threat of repetition can be shown at least two ways. First, a plaintiff may show that the defendant had, at the time of the injury, a written policy, and that the injury stems from that policy. Second, the plaintiff may demonstrate that the harm is part of a pattern of officially sanctioned . . . behavior, violative of the plaintiffs' [federal] rights.[33]

Because White is no longer incarcerated at CSATF, his claim for injunctive relief is moot.[34] Consequently, White's Complaint does not allege facts entitling him to injunctive relief. Accordingly, White's Fifth Cause of Action will be dismissed without leave to amend.

---

[32] *Nordstrom*, 762 F.3d at 911 (alterations and emphasis in the original) (citations and internal quotation marks omitted).

[33] *Id.* (emphasis in the original) (citations and internal quotation marks omitted).

[34] *See Dilley v. Gunn*, 64 F.3d 1365, 1367 (9th Cir. 1995); *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam); *Darring v. Kincheloe*, 783 F.2d 874, 876 (9th Cir. 1986).

*Sixth Cause of Action*

White's Sixth Cause of Action appears to be amalgam of unrelated grievances: staff misconduct in the processing of his internal grievances; staff misconduct in labeling him a "snitch"; a coverup of staff misconduct; and the destruction of personal property (hair clippers) during a cell search.

Assuming without deciding that the pleaded facts establish staff misconduct in the processing of his internal grievances, White still falls far short of establishing a viable claim for relief in this Court. At most, White has pleaded facts sufficient to establish cause for excusing compliance with the internal grievance procedures as a prerequisite to filing a complaint in this Court. White does not, however, allege any injury independent of the failure to properly process his grievances, including their destruction. While this is a matter of serious concern, it is more properly the subject of internal prison disciplinary proceedings against the correctional officers concerned; not a civil rights proceeding in this Court.

The allegation that White was labeled a "snitch" on the other hand raises a different issue. White quoted Davis as stating: "I heard about you, only a 'snitch' writes all of those things for nothing. The log book shows that program was given and if there's a problem I can have you moved."[35] White further alleges that the statement was made in front of inmates and that he, White, was threatened with bodily harm by black inmates. Taken in context the quoted remark more likely than not cannot logically be construed as labeling

---

[35] Docket 10, p. 25 (quotation marks in the original).

White as a "snitch" with respect to other inmates. This Court cannot however unequivocally hold that a properly instructed, reasonable jury could not plausibly reach that conclusion. On the other hand, the mere conclusory statements that White was threatened by other black inmates is patently insufficient.[36] In amending his complaint White must plead specific facts, including the nature of the threat and, where known, the identity of the inmates who threatened him.

With respect to the alleged destruction of White's hair clippers, even accepting White's allegations on their face as true, the loss incurred was, at most, minimal—hardly the matter of a federal civil rights action.

Although it is highly unlikely that White can truthfully plead plausible facts sufficient to establish any compensable injury, the Sixth Cause of Action will also be dismissed with leave to amend with respect to the alleged labeling as a "snitch."

## II. ORDER

The First, Third, Fourth, and Fifth Causes of Action in the First Amended Complaint are hereby **DISMISSED**, without leave to amend.

The Second and Sixth Causes of Action are hereby **DISMISSED** with leave to amend.

---

[36] The allegation that an unidentified inmate "warned" White not to talk to the guards without the presence of another prisoner, while indicative of the possibility of a threat, does not itself establish the existence of a threat to White's safety.

ORDER DISMISSING FIRST AMENDED COMPLAINT
*White v. Sherman*, 1:14-cv-01971-RRB – 14

White is hereby granted through and including **Friday, August 14, 2015**, within which to file a Second Amended Complaint consistent with this and the Court's earlier order.  In further amending his complaint White is reminded that he **must**:

    1.  Separate each claim including, where appropriate, a caption for the claim;

    2.  sequentially number the paragraphs; and

    3.  with respect to each claim identify the constitutionally protected right violated, describe the act(s) that violated that right, identify by name and, if known, the title of the person(s) who committed the act(s), state the date(s) of the act(s), and describe the injury or damage suffered as a result of the violation.[37]

In addition, with respect to each claim affirmatively plead that he has exhausted his available administrative remedies and attach to the Amended Complaint copies of all documents evidencing such exhaustion to the extent they are in his possession, custody, or control.

*Failure to comply with this Order within the time specified, or such additional time as the Court may grant, may result in the dismissal of this action without further notice.*

    **IT IS SO ORDERED** this 7th day of July, 2015

                S/ RALPH R. BEISTLINE
                UNITED STATES DISTRICT JUDGE

---

[37] *See* Fed. R. Civ. Proc. 8(a).

ORDER DISMISSING FIRST AMENDED COMPLAINT
*White v. Sherman*, 1:14-cv-01971-RRB – 15