UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DE'WANN WHITE,<br><br>       Plaintiff,<br><br>vs.<br><br>STU SHERMAN, Warden, *et al.*,<br><br>       Defendants. | Case No. 1:14-cv-01971-RRB<br><br>**ORDER DENYING MOTION<br>TO APPOINT COUNSEL** |

At **Docket 13** Plaintiff De'Wann White has filed a motion to appoint counsel. The Court notes that White's motion incorrectly characterizes his case as one for *habeas* relief under 28 U.S.C. § 2254. Because White challenges the conditions of his confinement, not the fact or duration, White's claims arise under the civil rights statute, 42 U.S.C. § 1983.[1] Consequently, the authorities White cites have no application in this matter.

Generally, a state prisoner has no right to counsel in civil actions.[2] "However, a court may under exceptional circumstances appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). When determining whether exceptional circumstances exist, a court must consider the likelihood of success on the merits as well as the ability of the

---

[1] *Ramirez v. Galaza*, 334 F.3d 850, 856 (9th Cir. 2003) ("Suits challenging the validity of the prisoner's continued incarceration lie within 'the heart of habeas corpus,' whereas 'a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody.' ") (citation omitted).

[2] *See Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981) (holding that there is no constitutional right to appointed counsel for § 1983 claims).

petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved. Neither of these considerations is dispositive, instead they must be viewed together."[3]

The availability of *pro bono* counsel to represent indigent prisoners is limited. While this Court is not unmindful of the value of the assistance of counsel, both to Plaintiff and the Court itself, this is not a case in which it is necessary to appoint counsel. The legal issues in this case, basically an Eighth Amendment "cruel and unusual punishment" case, are not complex. The legal principles involved are well developed and relatively straight forward.[4] The outcome of this case is fact driven.

Accordingly, Petitioner's Motion for Appointment of Counsel on Petition for Writ of Habeas Corpus at **Docket 13** is **DENIED**.

**IT IS SO ORDERED** this 28th day of July, 2015.

S/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

---

[3] *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citations and internal quotation marks omitted).

[4] The Court also notes that in its Dismissal Order the Court provided White specific guidance with respect to the legal requirements for his claims.