UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DE'WANN WHITE,<br><br>      Plaintiff,<br><br>vs.<br><br>STU SHERMAN, Warden, *et al.*,<br><br>      Defendants. | Case No. 1:14-cv-01971-RRB<br><br>**ORDER RE:  FILING FEE** |

At **Docket 18** Plaintiff De'Wann White, appearing *pro se* and *in forma pauperis*, filed his Second Amended Complaint with leave of Court.  White's Complaint arises out of his incarceration at the California Substance Abuse Treatment Facility, Corcoran, California. At the time White filed his Complaint and First Amended Complaint White was incarcerated at the Los Angeles County State Prison, Lancaster, California.  White's current address is a private residence located at 11356 Farmers Court, Bloomington, California 92316. Therefore, White is no longer a state prisoner within the context of the statute permitting prisoners to proceed *In forma paupers* ("IFP"), 28 U.S.C. § 1915.

With respect to waiver of a filing fee by a person proceeding IFP, it is unclear from the language of § 1915 whether it extends to filings by non-prisoners.  The Ninth Circuit has not specifically ruled on this question, and the other circuits are split on the issue.[1]  In

---

[1] *Compare Gay v. Texas Dep't of Corr.*, 117 F.3d 240, 241–42 (5th Cir. 1997), *In re Smith*, 114 F.3d 1247, 1251–52 (D.C. Cir. 1997), and *Robbins v. Switzer*, 104 F.3d 895,
(continued...)

ORDER RE:  FILING FEE
*White v. Sherman*, 1:14-cv-01971-RRB – 1

the absence of controlling authority, this Court adopts the reasoning of its sister districts, the District of Nevada and the Southern District of California, that allowing a non-prisoner litigant to proceed IFP is within the sound discretion of the district court.[2]

Accordingly, in the interests justice the Court will grant White through and including **October 23, 2015**, within which he must either pay the filing fee or, alternatively, file a supplemental application to proceed *in forma pauperis*.  ***In the event White does not comply with this order within the time specified, or such additional time as the court may allow, this matter may be dismissed without further notice to him***.

If Plaintiff elects to file a supplemental Motion to Proceed IFP, he is cautioned that he will still be required to pay the full $350 civil filing fee, but pursuant to a partial installment payment plan devised by the Court dependent on his income, as funds are available, and regardless of whether his case is subsequently dismissed *sua sponte* pursuant to 28 U.S.C. § 1915A(b), or for any other reason.

**IT IS SO ORDERED** this 14th day of September, 2015.

S/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

---

[1](...continued) 897–99 (7th Cir. 1997) (holding that § 1915(b)(1) requires payment in full) *with Brown v. Eppler*, 725 F.3d 1221, 1231 n. 7 (10th Cir. 2013), *DeBlasio v. Gilmore*, 315 F.3d 396, 397 (4th Cir. 2010), *In re Prison Lit. Reform Act*, 105 F.3d 1131, 1138–39 (6th Cir. 1997), and *McCann v. Comm'r, Soc. Sec. Admin.*, 96 F.3d 28, 29–30 (2d Cir. 1996) (holding that after release a prisoner is not required to pay the full amount of the filing fee, but may continue to make partial payments to the extent of his/her ability).

[2] *Putzer v. Attal*, 2013 WL 4519351 (D. Nev. Aug. 23, 2013) (unpublished slip op.); *Turner v. San Diego County*, 2014 WL 5800595 (S.D. Cal. Nov. 7, 2014) (unpublished slip op.).