UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DE'WANN WHITE,

Plaintiff,

vs.

STU SHERMAN, Warden, *et al.*,

Defendants.

Case No. 1:14-cv-01971-RRB

**DISMISSAL ORDER**

At **Docket 18** Plaintiff De'Wann White filed his Second Amended Complaint with leave of Court.[1] White's action arises out of his incarceration at the California Substance Abuse Treatment Facility, Corcoran, California ("CSATF"). At the time White filed his Complaint and First Amended Complaint White was incarcerated at the Los Angeles County State Prison, Lancaster, California. White's current address is 11356 Farmers Court, Bloomington, California 92316.

## I. BACKGROUND

The Court reviews the Second Amended Complaint (hereinafter "SAC") applying the same standards it applied to the original Complaint and the First Amended Complaint (hereinafter "FAC").

[1] White incorrectly captioned it Plaintiff's First Amended Complaint.

The Court dismissed both White's Complaint and FAC with leave to amend in accordance with specific instructions.[2] In dismissing White's FAC the Court granted White leave to amend with respect to two claims: (1) a cause of action based upon an alleged lack of adequate ventilation; and (2) an amalgam of unrelated grievances: staff misconduct in the processing of his internal grievances; staff misconduct in labeling him a "snitch"; a coverup of staff misconduct; and the destruction of personal property (hair clippers) during a cell search. In all other respects the FAC was dismissed without leave to amend.

## II. GRAVAMEN OF SECOND AMENDED COMPLAINT

In his Second Amended Complaint White alleges two Causes of Action against Warden Stu Sherman, Sgt. C.G. Beltran, and Correctional Officer J. Davis.

The First Cause of Action alleges that on various dates between December 21, 2013, and April 18, 2014, Defendants acting in various capacities deprived him of adequate heat, ventilation (resulting in exposure to noxious gaseous fumes and unidentified dust and lent particles), electricity, an opportunity to shower, and a working toilet. White contends that the actions of the Defendants violated the Eighth Amendment proscription against cruel and unusual punishment.

The Second Cause of Action alleges: (1) Davis labeled White a "snitch"; (2) Beltran violated White's right of confidentiality by divulging to a black inmate information in a CDCR 602 grievance White had filed; and (3) during a cell search by unidentified correctional officers

---

[2] Docket 9 (Dismissal of Complaint); Docket 11 (Dismissal of First Amended Complaint).

White's personal property was damaged beyond repair. White contends that these acts violated his rights under the First and Eighth Amendments. White alleges that Sherman failed to adequately supervise, discipline, and train his subordinates.

## III. DISCUSSION

### *First Cause of Action*

In the First Cause of Action White combines the claims he made in his Second and Third Causes of Action in his FAC. As noted above, the Court granted White leave to file an amended complaint solely on the Second Cause of Action in his FAC, i.e., the lack of adequate ventilation. The Third Cause of Action was dismissed without leave to amend. Consequently, the Court will disregard all allegations except those addressed to the lack of adequate ventilation.

With respect to Davis and Beltran the allegations of the SAC do not support any cause of action as against them for the alleged deprivation of adequate ventilation. That is, there are no allegations that either Davis or Beltran had any authority or responsibility to address or correct the alleged deficiencies. Indeed, logic precludes any plausible determination that they, or either of them, did. Therefore, the First Cause of Action as against Davis and Beltran will be dismissed without leave to amend.

With respect to Warden Sherman, it may logically be inferred that it was his responsibility to ensure that the prison met minimum habitability conditions, including healthy ambient air conditions. Attached to the SAC are pages of White's medical records. Those medical records indicate that White was treated for various ailments during the period August

29 through September 30, 2014, at least some of which might plausibly be attributed to the lack of adequate ventilation.[3]

***Second Cause of Action***

The Court permitted White to amend with respect to his claim that Davis labeled him a "snitch." In so doing the Court specifically instructed White "to plead specific facts, including the nature of the threat and, where known, the identity of the inmates who threatened him."[4] White's Second Amended Complaint simply alleges that as a result of Davis's statement "plaintiff was threatened with bodily harm potentially resulting from being stabbed, jumped and/or stomped out."[5] While White's conclusory allegations still fall short of pleading sufficient facts to warrant the granting of relief, the Court will grant White one more opportunity to amend. The Court further notes that in both his First and Second Amended Complaints White places the statement allegedly made by Davis in quotation marks. A comparison of the two shows some material differences in what Davis said.[6]

White's claim that Beltran divulged the content of his CDCR 602 to an inmate also fails. First, there is no constitutionally protected right to privacy with respect to internal prison grievances.[7] More importantly, White does not allege that he suffered any compensable injury

---

[3] Docket 18, pp. 85–89, 92.

[4] Docket 11, p. 13.

[5] Docket 18, p. 2, ¶ 4.

[6] Compare Docket 10, p. 25 to Docket 18, p. 2.

[7] *See O'Keefe v. Van Boening*, 82 F.3d 322, 326 (9th Cir. 1996)

as result of the alleged disclosure. Nor does it appear that White can allege any such injury. Consequently that claim will be dismissed without leave to amend.

White's additional claims against Beltran regarding Beltran's remarks during an CDCR 602 hearing and that White was approached by a black inmate in regards to another CDCR 602 hearing at the behest of Beltran also fail.As presently pleaded neither state facts sufficient to warrant the granting or relief. The remarks attributed to Beltran do not support either a deliberate indifference claim or an attempt to "chill" White's First Amendment rights. With respect to the approach by another black inmate, how that could plausibly be construed as having a "chilling" effect on White filing grievances is inexplicable. Because it does not appear that White can truthfully plead facts that would support either of these claims, they will be dismissed without leave to amend.

As for the claim against Warden Sherman, § 1983 does not support vicarious liability, a plaintiff must demonstrate that each defendant personally participated in the deprivation of his or her rights.[8] To impose liability on a supervisor, the supervisor's wrongful conduct must be sufficiently causally connected to the constitutional violation.[9] That is, the official must

---

[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009); *OSU Student Alliance v. Ray*, 699 F.3d 1053, 1069 (9th Cir. 2012); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002); *see Monell v. Dep't of Soc. Svcs.*, 436 U.S. 658, 691–95 (1978) (rejecting the concept of *respondeat superior* in the context of § 1983, instead requiring individual liability for the violation); *Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir. 1989) ("Liability under [§] 1983 arises only upon a showing of personal participation by the defendant. A supervisor is only liable for the constitutional violations of . . . subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." (Citations omitted)).

[9] *See Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (*abrogated in part on other grounds by Farmer v. Brennan*, 511 U.S. 825 (1994)).

"implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation."[10]

> A person deprives another "of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that *causes* the deprivation of which [the plaintiff complains]." *Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir.1978) (*Johnson*) (emphasis added). The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. [Citations omitted.][11]

The allegations in the Second Amended Complaint fall far short of meeting these standards. Because it does not appear that White can truthfully plead facts sufficient warrant imposing liability on the Warden, that claim will be dismissed without leave to amend.

With respect to White's claim that his personal property was damaged,[12] the Court reiterates its prior holding that the destruction of his hair clippers is so *de minimis* that it does not rise to the level of a constitutional violation.

***Exhaustion***

The record in this case indicates that as a result of White's prior complaints the filters in the ventilation system had been replaced two months prior to the date he was treated for

---

[10] *Id.* (internal quotation marks and citations omitted).

[11] *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (quoted with approval in *Tennison v. City and County of San Francisco*., 570 F.3d 1078, 1096 (9th Cir. 2009)).

[12] The Court notes with a degree of displeasure that in his First Amended Complaint White limited his claim to a pair of hair clippers where in the Second Amended Complaint he simply refers to unidentified personal property. The attachments to the Second Amended Complaint refer solely to the destruction or damage to hair clippers. Docket 18, pp. 49–62.

his ailments, June 20, 2014.[13] Lacking in the Second Amended Complaint is any indication that White properly exhausted his administrative remedies with respect to the alleged injury suffered in late August through September 2014.

Likewise, in addition to the fact that the allegations of the Second Amended Complaint fail to show that labeling White as a "snitch" resulted in any injury, nothing in the Second Amended Complaint indicates that White properly exhausted his administrative remedies with respect to this allegation against J. Davis.

White is reminded that exhaustion of administrative remedies prior to bringing suit is required irrespective of the relief sought by the prisoner and regardless of the relief provided by the process.[14] Although not jurisdictional, exhaustion is nonetheless mandatory, and there is no discretion to excuse it.[15] "Proper exhaustion" means "complet[ing] the administrative review process in accordance with the applicable rules."[16] A prisoner is not required to affirmatively plead exhaustion. Instead, exhaustion is an affirmative defense to be raised and proven by the defense.[17]

---

[13] Docket 18, p. 37.

[14] 42 U.S.C. § 1997e(a) (mandating that "[n]o action shall be brought . . . until [the prisoner's] administrative remedies . . . are exhausted."); *Woodford v. Ngo*, 548 U.S. 81, 85 (2006); *Booth v. Churner*, 532 U.S. 731, 742 (2001).

[15] *Porter v. Nussle*, 534 U.S. 516, 524 (2002).

[16] *Jones v. Bock,* 549 U.S. 199, 218 (2007).

[17] *Id.*, at 212–17; *Albino v. Baca*, 747 F3d at 1162, 1168 (9th Cir. 2014).

A defendant has the initial burden to prove "that a grievance procedure existed, and the prisoner did not exhaust that available remedy."[18] Once a defendant has met this burden, the burden shifts to the plaintiff to demonstrate that the grievance procedure was inadequate, ineffective, unobtainable, unduly prolonged, inadequate, or futile.[19] If a court finds that a plaintiff has failed to exhaust, "the proper remedy is dismissal of the claim without prejudice."[20]

Procedurally, "[e]xhaustion should be decided, if feasible, early in the proceedings before reaching the merits of a prisoner's claim."[21] This will usually be by a motion for summary judgment.[22] On the other hand, "[a] complaint is subject to dismissal for failure to state a claim if the allegations of the Complaint, taken as true, show the plaintiff is not entitled to relief."[23] Thus, "in those rare cases where a failure to exhaust is clear from the face of the complaint, a defendant may move under Rule 12(b)(6) for failure to state a claim."[24]

---

[18] *Id.* at 1172.

[19] *Id.*

[20] *Wyatt*, 315 F.3d at 1120 (citing *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.3d 365, 368 & n.3 (9th Cir. 1988) (*per curiam*)).

[21] *Albino*, 747 F3d at 1170. The Ninth Circuit also noted that "if discovery is appropriate, the district court may in its discretion limit discovery to evidence concerning exhaustion, leaving to later—if it becomes necessary—discovery directed to the merits of the suit." *Id.*

[22] *Id.* at 1166, 1168–69 (overruling in part *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003)).

[23] *See Jones*, 549 U.S. at 215 (noting that if the allegations show that relief is barred by the applicable statute of limitations, an affirmative defense, the complaint is subject to dismissal); *Albino*, 747 F3d at 1169.

[24] *Albino*, 747 F3d at 1166.

In choosing to further amend his complaint, White should be prepared to address the exhaustion issue.

## IV. ORDER

The First Cause of Action as against Defendants C. G. Beltran and J. Davis is **DISMISSED** in its entirety without leave to amend.

The First Cause of Action as against Defendant Stu Sherman is hereby **DISMISSED** with leave to amend, limited to the claim of inadequate ventilation.

The Second Cause of Action as against Defendants Stu Sherman and C. G. Beltran is **DISMISSED** in its entirety without leave to amend.

The Second Cause of Action as against Defendant J. Davis is **DISMISSED** with leave to amend, limited to the claim that Davis labeled Plaintiff a "snitch."

Plaintiff is hereby granted through and including **January 8, 2016**, within which to file a Third Amended Complaint consistent with this Order and the instructions given in the prior Dismissal Orders.

***Failure to comply with this Order within the time specified, or such additional time as the Court may grant, may result in the dismissal of this action without further notice.***

**IT IS SO ORDERED** this 6th day of November, 2015.

S/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE