UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DE'WANN WHITE,<br><br>    Plaintiff,<br><br>vs.<br><br>STU SHERMAN, Warden, *et al.*,<br><br>    Defendants. | Case No. 1:14-cv-01971-RRB<br><br>**ORDER DISMISSING COMPLAINT** |

On November 5, 2015, the Court entered its Order directing Plaintiff De'Wann White, a former state prisoner appearing *pro se* and *in forma pauperis*,[1] to either: (1) pay in full the outstanding balance of the filing fee; or (2) file an updated declaration evidencing his inability to pay the filing fee. Plaintiff's response was due January 8, 2016.[2]

On November 6, 2015, the Court entered its Order dismissing the Second Amended Complaint with leave to amend. The Third Amended Complaint was also due January 8, 2016.[3]

To date, Plaintiff has neither complied with the Court's Orders nor requested additional time within which to comply. The Court may dismiss for failure to prosecute or

---

[1] The record reflects that Plaintiff is no longer in custody.

[2] Docket 21.

[3] Docket 22.

failure to comply with a court order or rule *sua sponte*.[4] In so doing, the Court must weigh five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.[5]

In this case, weighing those factors to the extent that they may be applicable, this Court concludes that dismissal without prejudice presents a proper balance among the five factors.

Therefore, the Complaint on filed herein is hereby **DISMISSED** without prejudice.

The Clerk of the Court is directed to enter final judgment accordingly.

**IT IS SO ORDERED** this 8th day of February, 2016.

S/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

---

[4] Fed. R. Civ. P. 41(b); *see Hells Canyon Preservation Council v. U. S. Forest Serv.* 403 F.3d 683, 689 (9th Cir. 2005); *Yourish v. California Amplifier*, 191 F.3d 983, 986–87 (9th Cir. 1999).

[5] *See Pagtalunan v. Galaza*, 291 F.2d 639, 642 (9th Cir. 2002).